# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------------------------------
CHARLIE PLUNKETT, et al.,                    )
                                             )
                        Plaintiffs,          )
                                             )
            vs.                              )        1:14-CV-326 (ESH)
                                             )
JULIAN CASTRO, in his capacity as            )
SECRETARY OF THE                             )
UNITED STATES DEPARTMENT OF                  )
HOUSING AND URBAN DEVELOPMENT,               )
                                             )
                        Defendant.           )
-----------------------------------------------------------
```

### REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE
### TO RENEW THEIR MOTION FOR CLASS CERTIFICATION

Plaintiffs have established that surviving spouses cannot afford to wait while HUD formulates further relief on remand.  For many of them, any relief HUD formulates will come too late, unless the Court certifies a class, and enters injunctive relief prohibiting HUD from requiring lenders to foreclose during the remand period.  Surviving spouses are not eligible for any stay of foreclosure, as they were earlier this year when this case was pending on remand.

HUD's statistics reflect the grim reality.  As of May 28, 2014, HUD stated that it had approved **280** requests for 60-day extensions of its foreclosure deadlines, pursuant to FHA INFO #14-19.  Dkt. No. 26 at 1.  HUD subsequently made a second 60-day extension available, in FHA INFO #14-29.  These extensions, granted to members of the proposed class, have now lapsed.  According to FHA INFO #14-19, servicers had to request these extensions electronically, on the HERMIT system.  Thus, **HUD has an electronic record of every surviving spouse** who received a 60-day extension.  There is no reason why all of these surviving spouses who received 60-day extensions should not be granted additional extensions during the remand period.

Also, from January 1, 2014 to May 15, 2014, FHA received **3,543** notices of foreclosure involving single-borrower loans where the borrower had died.  *Id.* at 2.  And that is just for a four and a half month period.  HUD itself estimated that 20 percent of these single-borrower loans, or 120,000, will have a non-borrower spouse. Dkt. No. 41 at 23.  An industry group estimated the number at 12,000.  *Id.*  Thus, there are definitely *hundreds* and likely *thousands* of surviving spouses, **many of whose names and foreclosure proceedings HUD has in its electronic records**, who have no avenue available to delay imminent foreclosure proceedings while HUD deliberates yet again on remand.

This Court has granted summary judgment to Plaintiffs on their claim that HUD's regulation requiring lenders to foreclose on surviving spouses is illegal.  Dkt. No. 47.  It has remanded to HUD to implement this relief, which it called the "Trigger Inapplicability Decision" (TID) and which HUD has renamed the "Hold Election" (HE).  In fact, "Trigger Inapplicability Decision" is a more accurate name, because the mortgages are not due and payable, and for this reason there should be nothing for the lender to "elect."  The TID/HE allows lenders to continue servicing these loans, and then assign them to HUD when and if they reach 98 percent of the home's original appraised value. When Plaintiffs showed that, contrary to HUD's representations to the Court, it was *still* requiring Plaintiffs' lenders to foreclose on them, the Court required HUD to clarify whether HUD would allow lenders to hold off on foreclosure on surviving spouses and allow mortgagees to assign the loans to HUD when they reach 98 percent of the maximum claim amount, which it did.  Dkt. No. 51.  Now, Plaintiffs have submitted evidence that HUD is *still* requiring lenders to foreclose on other surviving spouses.  The class needs this relief just as much as Plaintiffs do.

HUD maintains that certification of a class would be "premature," a concept that appears nowhere in Rule 23.  But if there were such a requirement, this class would meet it, given that they face foreclosure and eviction.  HUD says there are "numerous, complicated factors . . . including

HUD's obligations to the insurance funds, enforcement remedies, due diligence, and reasonable

lending standards."  HUD Opp. at 1 (Dkt. No. 58).  Yet HUD has not even tried to explain how *its*

*own* reading of the law would allow it to continue requiring foreclosure on a surviving spouse,

based on any of these factors.  This is a smoke screen.

Make no mistake:  this is an emergency.  HUD has to act now to protect the class, or it will

be too late for countless vulnerable surviving spouses.  Plaintiffs have met all of the criteria for

certification under Rule 23.  Their motion should be granted, so that the Court can extend the relief

to the class, at the very least on an interim basis, that it has already made available to Plaintiffs.

That is the only course to prevent unnecessary foreclosures in the coming days, weeks, and months.

**A.  Class Certification Is Not Premature, And It Is the Only Way to Stop Unnecessary Foreclosures.**

HUD argues that class certification is "premature," any such decision on class certification

must await yet another agency decision, and the Court should not 'litigate prematurely the

sufficiency of the complaint [?] and the appropriateness of class certification."  HUD Opp. at

4.  Even if "maturity" were a requirement of Rule 23, and it is not, Plaintiffs have amply

demonstrated it.  On one hand, the *Bennett* case was filed in March 2011; it is not of recent vintage.

On the other hand, this case is at its end.  The Court has *granted* summary judgment on the TID to

Plaintiffs.  And the class needs relief *now*, not at some indeterminate time in the future, after this

Court has relinquished jurisdiction over the matter.

Even if HUD were ultimately to come up with criteria that surviving spouses must meet to

be eligible for TID/HE relief, that is not a basis for denying class certification.  Class members do

not have to be identical in every respect, although the proposed class here is quite uniform with

respect to the relevant claims and the relief they need.  *See, e.g., Shook v. Board of County Comm'rs*

*of County of El Paso,* 543 F.3d 597, 604 (10th Cir. 2008) (stating that Rule 23(b)(2) class members'

injuries should be "sufficiently similar" such that they can be addressed in a unitary injunction that

does not differentiate among class members).  This is not a case where "highly individualized determinations of liability and remedy" need to be made.  *Jamie S. v. Milwaukee Public Schools,* 668 F.3d 481, 499 (7th Cir. 2012).  HUD has not proposed a logical or practical basis to deny class certification here.

HUD has already had two opportunities to determine relief "in the first instance," first in *Bennett*, then in *Plunkett*.  After deliberating for nine months, HUD failed to provide relief from foreclosure in either determination on remand.[1]  Indeed, it was Plaintiffs' challenge to 24 C.F.R. § 206.125 in their Complaint, and argument that HUD must allow lenders to hold off on foreclosure and assign the mortgage to HUD, that led to the TID.[2]  HUD then conceded that its regulations no longer triggered foreclosure under its insurance contracts with lenders, and that these loans could be assigned to HUD.[3]

Even after HUD finally recognized TID/HE relief, it refused to extend that relief to all surviving spouses, contending that the court's ruling in *Bennett II* only applied to six people.[4] Finding any basis for such a conclusion "unfathomable," the Court resolved any doubt that its ruling applies to all surviving spouses and that treating other surviving spouses differently than Plaintiffs

---

[1] More specifically, HUD first determined that a highly individualized analysis of each individual surviving spouse was necessary to analyze appropriate relief, and then concluded that no relief (including asking the mortgagees to hold the mortgages, Bennett Remand Decision, Dkt. No. 28-2 at 11) of any kind was possible.  Subsequently, HUD developed criteria that were in no way specific to the plaintiffs.

[2] *See* Dkt. No. 1 at ¶¶ 87-91; Dkt. No. 36 at 19-22 (stating that section 206.125's foreclosure deadlines do not apply when a non-borrowing surviving spouse remains in the home, and that HUD erred in rejecting the remedy of requesting that mortgagees hold the mortgages and delay foreclosure); Dkt. No. 40 at 9-13.

[3] *See* Dkt. No. 37-1 at 24 ("each [of the plaintiffs] mortgagee[s] may elect to hold its mortgage for the balance of the corresponding plaintiff's life without losing any part of its mortgage insurance benefits by reason of a delay in foreclosure following the deal of the sole mortgagor.").

[4] As the Court noted in *Plunkett*, it was HUD that raised the "as applied" issue in the first instance when it argued that section 206.27(c)(1) was only illegal "as applied" because it could be applied legally to certain groups of people. Dkt. No. 47 at 27-30. HUD later, however, appears to have deliberately misused "as applied" to narrow the Court's ruling to six people.

is arbitrary and capricious. Dkt. No. 47 at 27, 30.  Indeed, nothing in HUD's proposed letter is specific to their situations; it applies in the exact same way to any other surviving spouse facing foreclosure.  Dkt. No. 58 at 1-2.  The justification for class certification, and the urgency of relief for surviving spouses, are more clear than ever before.

And again, there is no "maturity" or "necessity" requirement in Rule 23.  Indeed, this Court has expressly rejected it as non-textual.[5]  Indeed, this Court has recognized that Rule 23(b)(2) class certification is important where it would facilitate enforcement of the judgment by class members.[6] The cases HUD cites in support of its "prematurity" argument in fact completely undermine it.  *See* Opp. at 4.  *Smith v. Washington Post Co.,* 962 F. Supp. 2d 79 (D.D.C. 2013), was a case where the *defendant* had moved to strike class allegations at the pleading stage.  This Court denied the *motion to strike* as premature, stating that it was "hesitant to delve deep into the merits of the plaintiff's class allegations."  *Id.* at 90.  HUD could not have cited a more inapposite case.  Here, it is *plaintiffs* who renew their class certification motion, after a full decision on the merits.  No less off the mark is *Curtin v. United Airlines, Inc.,* 275 F.3d 88 (D.C. Cir. 2001), where the Court of Appeals rejected the plaintiff's argument that Rule 23's "as soon as practicable" language meant that a court had to consider class certification before it dismissed the claim on summary judgment.[7]  There is no logical extension of that holding to the situation here, where the court already has ruled on the merits of the relevant claim, and in the plaintiffs' favor.  HUD can find no better authorities to support its "maturity" requirement because there is no such requirement in Rule 23.  Indeed, the Federal Rules and this Court's local rules have always supported an early decision on class

[5] *See Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority,* 239 F.R.D. 9, 23 (D.D.C. 2006) ("As numerous courts have observed, whether certification is 'necessary' is not a question Rule 23 directs the courts to consider.").

[6] *See id.* at 23 ("injunctive relief granted only in favor of the named plaintiffs may prove inadequate (in comparison to litigation on a class basis) for the other putative class members").

[7] Rule 23 has since been amended to require the court to determine class certification "[a]t an early practicable time."  Fed. R. Civ. P. 23(c)(1)(A).

certification, reflecting the efficiency goals that underlie the rule.  It is not too early, or too late, to certify a class.

Contrary to HUD's attempt to confuse the issue, there is no conflict between certifying a class of surviving spouses who are entitled to the postponement of their foreclosures, and allowing HUD to formulate programmatic relief on remand.  Class certification is the only avenue that can accomplish this.

**B.      HUD's Current Statements Demonstrate that Many Class Members Will Lose Their Homes if the Class is Not Certified.**

HUD denies that it is compelling lenders to deny TID relief to other surviving spouses.  But its rules require exactly that.  Without a mortgagee letter or "FHA INFO" memo to guide them, mortgagees will adhere to existing regulations, HUD's manual, and instructions and deadlines in HUD's electronic reverse mortgage servicing platform, HERMIT, all of which *require* them to foreclose on surviving spouses within a specified period of time.  The only surviving spouses for whom it will request an extension, on a case-by-case basis, are those like Mrs. Harris, who have succeeded in challenging Section 206.27(c)(1).  HUD also states, as it has many times before, that it cannot compel mortgagees to delay foreclosure.  Opp. at 7.  Plaintiffs are not asking this Court or HUD to compel mortgagees to do anything.  The record supports the proposition that when presented with this option, mortgagees will extend it to spouses.  *See* Dkt. No. 47 at 26.

HUD also claims it "has acted favorably on the only request for Hold Election consideration it has received from a non-borrowing spouse who is not one of the six *Plunkett* plaintiffs."  This is not an accurate representation of reality.  In fact, as Plaintiffs explained in their opening brief, HUD initially *denied* this relief, and reversed itself only after Plaintiffs brought the case to this Court's attention.  *See* Dkt. No. 57-2 at 3-5.  The foreclosure would have proceeded on December 2, 2014, had Plaintiffs not brought this case to the Court's attention in this Motion, on November 7, 2014.

HUD insists that it initially denied the waiver request from Ernestine Harris's lender because her lawyer's letter did not rely on the proper legal principle, that the Georgia federal court "had recognized Section 206.27(c)(1) to be invalid." Opp. at 6 n.1.  The lender's letter is crystal clear that Mrs. Harris (identified in the second paragraph as "the borrower's widower") is a surviving spouse who had already received a 60-day extension of foreclosure, which as this Court knows was only made available to surviving spouses.  *See* Dkt. No. 57-4 at 1.  HUD is essentially saying that in order to obtain relief from HUD's foreclosure requirements, a surviving spouse must be able to retain a lawyer who knows to utter the right magic legal words, and obtains a separate adjudication in her favor.[8]  HUD's contention is as strong a reason to certify the class as any that Plaintiffs have offered.  Moreover, HUD was a *defendant* in Ms. Harris's case.  To suggest that it did not know Ms. Harris was a surviving spouse, or that the lender was agreeable to a stay, simply does not square with the record.  Indeed, HUD's counsel in this case, Carol Federighi, appeared in the Harris case (Dkt. No. 57-4 at 2), and suggested at the hearing that the lender file the waiver request.  Kathleen Zadareky, HUD's Deputy Assistant Secretary for Single Family Housing, who provided an affidavit in this case, was the HUD employee who refused the Harris waiver request, and faulted the lender for postponing the sale.  *See* Dkt. No. 57-4 ("This election [to withdraw the foreclosure action] was not the result of any impediment to foreclosure or any other good cause for which waivers are granted . . . your request for a waiver is denied.").  Mrs. Harris's case provides an excellent illustration of how unlikely it is that any other surviving spouse will obtain a delay of foreclosure.

HUD also states that it has not received a "**comparable**" request for delay from the other surviving spouse Plaintiffs have brought to the Court's attention, Janice Cooper.  Opp. at 6.  Thus, HUD appears unaware that it did in fact receive and granted a "comparable" request for delay to

---

[8] As this Court has aptly noted, it "sees no reason why an 'automatic' rule [the TID] is only automatic at the moment an individual sues HUD, but that question is up to the agency in the first instance."  Dkt. No. 47 at 31.

Mrs. Cooper, after she complained to this Court back in June.  The problem, which is anything but Mrs. Cooper's fault, is that HUD limited that delay to 60 days, and that delay has long since expired.  Mrs. Cooper provided a declaration to this Court in early June attesting that her 60-day extension request was denied, and that her foreclosure was scheduled for September 1.  Dkt. No. 27 at 3-4 & Ex. 2.  She stated, "I am afraid that if I cannot keep my home, I will become homeless." Dkt. No. 27-2 at 2.  Like many surviving spouses, Mrs. Cooper does not have a lawyer, and this is why she has not brought her own lawsuit attacking HUD's illegal regulation.  She should not have to.  Class actions exist for this very purpose, to bring justice to people who cannot afford or obtain legal representation.  HUD has provided the best argument of all for certifying the class.

## CONCLUSION

The record is clear that there are hundreds and likely thousands of surviving spouses who face imminent foreclosure, because HUD is requiring lenders to foreclose on them.  Class certification and a prohibitory injunction will maintain the status quo for this vulnerable group while HUD deliberates on remand.  For these very important reasons, Plaintiffs request that their motion for leave, and their motion for class certification, be granted.

December 3, 2014                    Respectfully submitted,

                                   */s/ Craig L. Briskin*
                                   Craig L. Briskin (D.C. Bar No. 980841)
                                   cbriskin@findjustice.com
                                   Steven A. Skalet (D.C. Bar No. 359804)
                                   sskalet@findjustice.com
                                   Mehri & Skalet, PLLC
                                   1250 Connecticut Avenue NW, Suite 300
                                   Washington, DC 20036
                                   Tel:  202-822-5100
                                   Fax:  202-882-4997

                                   Jean Constantine-Davis (D.C. Bar No. 250084)
                                   jcdavis@aarp.org
                                   AARP Foundation Litigation
                                   601 E Street NW
                                   Washington, DC 20049
                                   Tel:  202-434-2060
                                   Fax: 202-434-6424

                                   *Counsel for Plaintiffs*