UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| HELENA C. SALERA,<br>638 Wharton Street,<br>Philadelphia, PA 19147<br><br>CHARLIE PLUNKETT,<br>9100 NW 33rd Court Road,<br>Miami, FL 33147<br><br>WINNIE BARLOCK,<br>2691 Mercy Drive<br>Las Vegas, NV 89156<br><br>CLARISA WELTE,<br>31005 Bunker Drive<br>Temecula, CA 92591<br><br>ROSELAINE LABONTE,<br>93 Lois Street,<br>Haverhill, MA 01830<br><br>ROBERT BENNETT,<br>1938 Drew Street<br>Annapolis, MD 21401<br><br>and<br><br>LEILA JOSEPH,<br>627 Vermont Street<br>Brooklyn, NY 11207<br><br>on behalf of themselves and others<br>similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JULIÁN CASTRO, in his capacity as<br>SECRETARY OF THE UNITED STATES<br>DEPARTMENT OF HOUSING AND<br>URBAN DEVELOPMENT,<br><br>451 7th Street S.W. | Case No. 14-CV-326 (ESH)<br><br>**CLASS ACTION**<br><br>JURY TRIAL REQUESTED |

Washington, DC 20410,         )
                                                      )
                                Defendant.     )
_____ )

## **PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1, Plaintiffs respectfully move for leave to amend their complaint, following Defendant's Determination on Remand, Mortgagee Letter 2015-03, and subsequent actions denying relief to Plaintiffs and the Class.  Pursuant to Local Civil Rule 7(m), Plaintiffs contacted Counsel for Defendant on February 25, 2015 to ask its position on this Motion, and sent a draft of the Complaint at mid-day on March 3, 2015.  HUD has not responded with its position on the Motion.

As set forth in the accompanying Memorandum of Law and the Proposed Amended Complaint, Plaintiffs challenge HUD's failure to suspend its foreclosure requirements and make it possible for Plaintiffs' lenders to assign their loans to HUD so that they are protected from foreclosure, as the federal statute commands.

A proposed order is attached.

Dated: March 3, 2015

Respectfully submitted,

*/s/ Craig L. Briskin*

Craig L. Briskin (D.C. Bar No. 980841)
(cbriskin@findjustice.com)
Steven A. Skalet (D.C. Bar No. 359804)
(sskalet@findjustice.com)
Mehri & Skalet, PLLC
1250 Connecticut Avenue NW
Suite 300
Washington, DC 20036
Tel:  202-822-5100
Fax:  202-882-4997

Jean Constantine-Davis (D.C. Bar No. 250084)
(jcdavis@aarp.org)
Julie Nepveu (D.C. Bar No. 458305)
(jnepveu@aarp.org)
AARP Foundation Litigation
601 E Street NW
Washington, DC 20049
Tel:  202-434-2060
Fax: 202-434-6424

Peter D. Schneider (pro hac vice pending)
(pschneider@clsphila.org)
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA  19102
Tel.: 215-981-3718
Fax: 215-981-0436

**Counsel for Plaintiffs**

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
## FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiffs file this Memorandum of Law in support of their Motion to File an Amended Complaint, pursuant to Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1.  Leave to file an amended complaint should be freely given where, as here, the supplemental facts relate to the original pleading, undue prejudice to the Defendant will not result, and it will serve the interest of justice.  Similarly, the Court should grant leave to add class representatives where the liberal amendment standard of Federal Rule 15 is satisfied.  An original of the proposed supplemental complaint is attached to this Motion.

Defendant will not be prejudiced by this amendment because it is the proper course of proceedings following an action on remand, which plaintiffs have standing to challenge. Plaintiffs seek to supplement their complaint and add parties in light of Defendant's Determination on Remand, and related Mortgagee Letter 2015-03.  Pursuant to Local Civil Rule 15.1, Plaintiffs have attached a Proposed Supplemental Complaint they intend to file if the Court grants this Motion.  *See* Exhibit A ("Proposed Amended and Supplemental Complaint").

### LEGAL STANDARD

F.R.C.P. 15(a) allows a party to amend a pleading "by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Rule 15(a) accordingly allows "'maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'"[1]  In accordance with this precept, Rule 15(a) creates a presumption in favor of granting a request to file an amended pleading.[2]  When parties disagree

---

[1] *Belizan v. Hershon*, 434 F.3d 579, 584 (D.C. Cir. 2006) (citations omitted).

[2] *Whitehead v. Deutch*, Case No. 96-420, 1997 U.S. Dist. LEXIS 22793, at *9 (D.D.C. 1997).

over the propriety of filing an amended complaint, it is "axiomatic that the party opposing an amendment has the burden of establishing that leave to amend would be futile."[3]  "It is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment."[4]

Rule 15(a) allows plaintiffs to amend their pleading, including for the purpose of substituting class representatives.[5]  "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given."[6]

Relatedly, Rule 15(d) permits a party, on leave of court, to supplement a complaint to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."[7]  Courts should allow parties to supplement their pleadings under Rule 15(d) when doing so will "promote as complete an adjudication of the dispute between the

---

[3] *Hines v. City of Albany*, No. 1:06-CV-01517, 2008 WL 366020, at *2 (N.D.N.Y. Feb. 8, 2008); *see also Kelly v. Barreto*, No. 05-0900, 2006 WL 2568443, at *3 (D.D.C. Sep. 5, 2006) (granting leave to amend in light of "the defendant's failure to demonstrate that . . . amendment would be futile.").

[4] *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations omitted).

[5] *See, e.g., In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085 (N.D. Cal. 2007) (granting Rule 15(a) motion to add class representative plaintiffs); *Hernandez v. Balakian,* 251 F.R.D. 488, 491 (E.D. Cal. 2008) (granting Rule 15(a) motion to substitute new class representative).

[6] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7] Fed. R. Civ. P. 15(d); *see also U.S. v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (observing that the distinction between amended and supplemental pleadings "is in most instances of little moment" and listing exceptions that do not apply to the instant case).

parties as is possible."[8]  Courts have recognized that the appropriate procedure for plaintiffs who continue to challenge agency action, after a ruling remanding the matter to the agency, is to file a supplemental complaint under Rule 15(d).[9]  Allowing supplementation will avoid piecemeal litigation and allow a prompt and efficient resolution of the entire controversy between the parties without prejudice to Defendant.

## ARGUMENT

Plaintiffs seek to amend and supplement their complaint for two reasons.  First, they seek to revise and supplement their claims in light of Defendant's Determination on Remand and the related Mortgagee Letter 2015-03.  Second, they seek to add a representative plaintiff who was denied even the prospect of the "Hold Election" relief (which the Court called the "Trigger Inapplicability Decision") on remand.  There has been no undue delay, bad faith, dilatory motive, or repeated failure to cure any deficiency in the original pleading.[10]  Moreover, amendment would not be futile.  To demonstrate futility, Defendants must "persuade the Court that the information is irrelevant and thus that inclusion of it in an amended consolidated complaint would be an exercise in futility."[11]  The futility inquiry does not require the Court to conclude

---

[8] *LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986).  When a supplemental pleading facilitates the efficient administration of justice, a court should allow it. *See Griffin v. County Sch. Bd. of Prince Edward County*, 377 U.S. 218, 226-27 (1964).

[9] *See Oregon Nat. Res. Council Action v. United States Forest Serv.,* 445 F. Supp. 2d 1211 (D. Or. 2006); *High Sierra Hikers Ass'n v. Weingardt,* 2007 U.S. Dist. LEXIS 84753 (N.D. Cal. 2007) (plaintiffs amended their pleading to challenge a new EIS for Forest Service pack stock operations that the Court previously enjoined due to NEPA violations); *Habitat Educ. Ctr., Inc. v Kimbell*, 250 F.R.D. 397 (E.D. Wis. 2008).

[10] *Firestone*, 76 F.3d at 1208.

[11] *In re Sunrise Sr. Living, Inc. Derivative Litig*., 550 F. Supp. 2d 1, 7-8 (D.D.C. 2008).

definitively that Plaintiffs will survive such a motion, only that they should be permitted the opportunity to try.[12]

## CONCLUSION

Plaintiffs' motion for leave to amend satisfies the low burden applied to such motions. *Belizan*, 434 F.3d at 584.  Plaintiffs have filed it promptly and without undue delay, it will cause Defendants no undue prejudice, and it is the first request for amendment following Defendant's Determination on Remand.  Because Defendant cannot meet their burden of demonstrating amendment would be futile, this Court should grant leave to submit the attached amended complaint.

---

[12] *See Hourani v. Mirtchev*, 282 F.R.D. 278, 280 (D.D.C. 2012)  ("Without concluding whether Plaintiffs' proposed amended complaint will ultimately survive a motion to dismiss, the Court cannot find—at this stage—that granting Plaintiffs leave to file a first amended complaint would be futile.").

Dated: March 4, 2015                              Respectfully submitted,

                                                  */s/ Craig L. Briskin*

                                                  Craig L. Briskin (D.C. Bar No. 980841)
                                                  (cbriskin@findjustice.com)
                                                  Steven A. Skalet (D.C. Bar No. 359804)
                                                  (sskalet@findjustice.com)
                                                  Mehri & Skalet, PLLC
                                                  1250 Connecticut Avenue NW
                                                  Suite 300
                                                  Washington, DC 20036
                                                  Tel:  202-822-5100
                                                  Fax:  202-882-4997

                                                  Jean Constantine-Davis (D.C. Bar No. 250084)
                                                  (jcdavis@aarp.org)
                                                  Julie Nepveu (D.C. Bar No. 458305)
                                                  (jnepveu@aarp.org)
                                                  AARP Foundation Litigation
                                                  601 E Street NW
                                                  Washington, DC 20049
                                                  Tel:  202-434-2060
                                                  Fax: 202-434-6424

                                                  Peter D. Schneider (pro hac vice pending)
                                                  (pschneider@clsphila.org)
                                                  Community Legal Services, Inc.
                                                  1424 Chestnut Street
                                                  Philadelphia, PA  19102
                                                  Tel.: 215-981-3718
                                                  Fax: 215-981-0436

                                                  *Counsel for Plaintiffs*